UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| THOMAS D. LANE, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 3:13-CV-519 JD |
| CORIZON HEALTHCARE, | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Thomas D. Lane, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983. (DE 14.) The court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Nevertheless, the court must bear in mind that a *pro se* complaint is entitled to liberal construction, "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Lane's original complaint was found to state a claim for denial of medical care in violation of the Eighth Amendment. (DE 7.) Specifically, he alleged that he has not received proper treatment for acid reflux while housed at Westville Correctional Facility ("Westville"). However, he did not know the names of the doctors who had been treating him, so he was granted leave to proceed against Corizon Correctional Healthcare, which employs medical staff at the facility, in order to determine the identity of the doctors. He has since filed an amended complaint naming two doctors

who have been providing his care, Dr. Raham and Dr. Liaw (first names unknown). (DE 14.) The court proceeds to screen his amended complaint.

According to the amended complaint and attachments, Lane has several chronic health conditions, including hypertension, high cholesterol, acid reflux, hyperthyroidism, knee and leg problems, and schizotypal personality disorder. He has been taking medications while at the Indiana Department of Correction ("IDOC") for several of these conditions, including Zantac for acid reflux. He was transferred from another facility to Westville sometime in April 2013,[1] and in May 2013, was seen by Dr. Raham. He told the doctor he wanted 600 milligrams of Zantac per day, as he had previously taken, but the doctor would only prescribe 300 milligrams. The doctor allegedly told him that he would not be getting an additional dosage of Zantac, even though the doctor knew that he needed it, nor would he order any additional testing of Lane's stomach problems unless he had a heart attack or his stomach started bleeding. The doctor prescribed a different medication, along with 300 milligrams of Zantac, but Lane claims this did not alleviate his stomach problems. This creates a particular problem for Lane because he has to take medications for other chronic health problems which are also hard on his stomach. At his appointment he also requested Neurontin for pain, but Dr. Raham told him this medication is not prescribed for any inmate. Lane asserts that this is a lie and that several other inmates are receiving Neurontin. Despite Lane's repeated complaints, however, Dr. Raham has refused to change his medication.

---

[1] Lane was previously housed at Putnamville Correctional Facility, and filed a civil rights suit in the Southern District of Indiana complaining about the conditions of his confinement at that facility, including his medical care. *See Lane v. Knight, et al.*, No. 2:13-CV-93 (S.D. Ind. order dated Apr. 12, 2013). His case was dismissed pursuant to 28 U.S.C. § 1915A on April 12, 2013. *Id.* It was noted in the order of dismissal that Lane had recently been transferred from Putnamville and was presently incarcerated at Westville. *Id.* at 3.

2

Lane further alleges that in July 2013, he was seen by Dr. Liaw. He explained all his medical problems to Dr. Liaw, and the doctor said that he would prescribe Neurontin and increase the dosage of his Zantac. However, he did not do so. Lane believes that Dr. Liaw was simply lying to him during this appointment. He states that he is still not receiving adequate medication to address his medical problems, and has ongoing pain and stomach issues.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citation omitted).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Although the Eighth Amendment does not entitle an inmate to demand a specific form of treatment, prison medical staff cannot simply continue with a course of treatment that is known to be

ineffective. *Greeno*, 414 F.3d at 654-55. Furthermore, a delay in providing treatment can constitute deliberate indifference when it causes unnecessary pain or suffering. *Arnett v. Webster*, 658 F.3d 742, 752-53 (7th Cir. 2011); *Grieveson v. Anderson,* 538 F.3d 763, 779 (7th Cir. 2008).

Giving Lane the inferences to which he is entitled, he has alleged a serious medical need, specifically, acid reflux and stomach pain which interferes with his ability to eat. On the subjective prong, he claims that Dr. Raham and Dr. Liaw have refused to provide him with necessary medication or conduct further testing of his stomach problems, and instead have been dismissive of his complaints. Although further factual development may show that Lane's treatment is reasonable under the circumstances, he has alleged enough to proceed past the pleading stage against the two doctors.

For these reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against Dr. Raham and Dr. Liaw in their individual capacities for monetary damages for failing to provide him with adequate medical care;

(2) **GRANTS** the plaintiff leave to proceed against Dr. Raham and Dr. Liaw in their official capacities for injunctive relief in connection with his current medical care;

(3) **DISMISSES** any and all other claims contained in the amended complaint;

(4) **DIRECTS** the U.S. Marshals Service to effect service of process on Dr. Raham and Dr. Liaw; and

(5) **ORDERS** Dr. Raham and Dr. Liaw to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE, only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: September 23, 2013

                                                /s/ JON E. DEGUILIO  
                                                Judge  
                                                United States District Court