UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

THOMAS LANE,                    )
                               )
                Plaintiff,      )
                               )
        v.                      )        Cause No. 3:13-CV-519 JD
                               )
DR. RAHAM, *et al.*,            )
                               )
                Defendants.     )

<u>OPINION AND ORDER</u>

Thomas Lane, a *pro se* prisoner, is proceeding on a claim that two prison doctors were deliberately indifferent to his medical needs while he was housed at Westville Correctional Facility ("Westville"). (DE 19.) The defendants move for summary judgment on the ground that Lane failed to exhaust his administrative remedies before filing suit as required by 42 U.S.C. § 1997e(a). (DE 26.)

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). Nevertheless, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Pursuant to the Prison Litigation Reform Act ("PLRA"), prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The U.S. Court of Appeals for the Seventh Circuit has taken a "strict compliance approach to exhaustion." *Id.* Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024.

Nevertheless, inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, such as by failing to provide him with the necessary forms, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809. In determining whether an administrative remedy was effectively unavailable, the question is whether the inmate did "all that was reasonable to exhaust" under the circumstances. *Id.* at 812; *see also Schultz v. Pugh,* 728 F.3d 619, 621 (7th Cir. 2013) (discussing requirement that

plaintiff demonstrate that a person of "ordinary firmness" would have been deterred from filing a grievance under the circumstances). When there are disputed issues of fact pertaining to whether the plaintiff exhausted, the court is required to hold a hearing to resolve those disputes. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).

Here, Lane tendered his original complaint for mailing on May 29, 2013. (DE 1 at 6.) He claimed that on or about May 15, 2013, he was seen by an unknown prison doctor, who allegedly denied him proper medication for his acid reflux. (DE 1.) In July 2013, he filed an amended complaint naming Dr. Vance Raham as the unknown doctor. (DE 14.) He also added a claim that he was seen by Dr. Andrew Liaw on or about July 9, 2013, and this doctor also refused to provide him proper medication to control his acid reflux. (DE 14.) The court screened the complaint pursuant to 28 U.S.C. § 1915A, and permitted Lane to proceed on Eighth Amendment medical claims against both doctors. (DE 19.)

At all relevant times, and pursuant to Indiana Department of Correction ("IDOC") policy, Westville had a grievance process under which an inmate could grieve a broad range of issues, including the actions of prison staff. (DE 28-1, Bean Aff. ¶¶ 6-10.) The grievance process has three steps: an attempt at informal resolution; submission of a formal grievance; and submission of a written appeal. (*Id.* ¶¶ 6-9.) The first step requires the inmate to try to resolve his dispute informally by speaking to an appropriate staff member. (*Id.* ¶ 6.) If the issue cannot be resolved informally, the inmate must file a formal written grievance. (*Id.* ¶ 7.) If he does not obtain a favorable response, he must file an appeal. (*Id.* ¶ 8.) The grievance policy contains time deadlines for each of these steps. (*Id.* ¶ 10.) A record is kept of all inmate grievances, and those

records show that Lane did not file any grievance pertaining to his medical care while he was housed at Westville. (*Id.* ¶ 14.)

Based on these facts, the defendants argue that they are entitled to dismissal of the complaint pursuant to 42 U.S.C. § 1997e(a). (DE 26.) Lane filed a response to the motion, and he does not dispute that he did not exhaust the prison grievance process prior to bringing this action. (DE 34.) However, he asserts generally that he "tried to file a grievance over this issue." (*Id.* at 1.) He appears to claim that on an unspecified date, he sent either a grievance form or a request for a grievance form to Timothy Bean, the grievance specialist at Westville. (*Id.*) He claims that at some point later he was told the request or grievance was lost. (*Id.*) He claims that on an unspecified date he requested another grievance form from Bean, but Bean did not respond. (*Id.*) He further asserts that he "could not get another grievance from the officers on the [protective custody unit] because they will not sup[p]ly them." (*Id.*)

Under the applicable law, Lane could be excused from failing to exhaust if the grievance process was effectively unavailable to him because the defendants did not provide him with the necessary forms, or otherwise interfered with his ability to exhaust. *Kaba*, 458 F.3d at 684; *Dole*, 438 F.3d at 809. However, the defendants argue that Lane has offered only vague assertions about his attempts to exhaust. (DE 35.) They are correct that an inmate must offer specifics about his attempts to exhaust to create a genuine issue of fact. *See Schultz v. Pugh*, 728 F.3d 619, 620 (7th Cir. 2013) (since prisoner failed to set forth specifics about why he was unable to exhaust, summary judgment for the defendants was proper); *Dale v. Lappin*, 376 F.3d 652, 655-56 (7th Cir. 2004) (plaintiff who offered concrete details in a sworn statement submitted enough to defeat summary judgment, whereas vague assertions are not sufficient to create a genuine issue

that prison officials interfered with inmate's ability to exhaust). Lane's statements are also not submitted in the form of an affidavit, nor does he otherwise swear to the truth of his assertions under penalty of perjury. However, the court is cognizant that Lane is proceeding *pro se*, and he may not have known the proper format or the level of detail required for his filings. What he has filed indicates that he may be able to establish a triable issue of fact requiring a *Pavey* hearing, but more detail is needed about the dates when he tried to invoke the grievance process, whom he spoke with, what they told him, and precisely what actions he took to obtain and file a grievance form before filing this action. If he did not take reasonable and timely steps to invoke the grievance process, then his failure to comply with 42 U.S.C. § 1997e(a) cannot be attributed to any wrongdoing by prison staff. *See Pozo*, 286 F.3d at 1025 (inmate must comply with time deadlines to properly exhaust); *Dole*, 438 F.3d at 809 (inmate must show he did "all that was reasonable to exhaust" under the circumstances to be excused from compliance with 42 U.S.C. § 1997e(a)); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (exhaustion must occur prior to the filing of the complaint).

When a party has failed to adequately support an assertion of fact in connection with a motion for summary judgment, the court has discretion to afford that party an opportunity to properly support that fact. *See* FED. R. CIV. P. 56(e)(1); *see also Archdiocese of Milwaukee v. Doe*. —F.3d—, 2014 WL 710027 (7th Cir. 2014) (observing that "trial courts have considerable discretion in managing the course of litigation. . . . and this is no less true in the context of summary-judgment motions"). In the interest of justice, and in light of Lane's *pro se* status, the court will grant him an opportunity to submit either a sworn declaration or an affidavit providing additional detail about his efforts to exhaust. The declaration or affidavit must address the issues

identified below. He may provide other details pertaining to his efforts to exhaust that he believes are relevant to the court's consideration. He may also submit any documentation he has in his possession or can obtain pertaining to his efforts to exhaust. The defendants will be afforded an opportunity to respond to this filing.

For these reasons, the plaintiff is **GRANTED** to and including **May 5, 2014**, to submit a sworn declaration or affidavit answering the following questions:

(1) the date on which he first attempted to file a grievance, and what specific actions he took to obtain and file a grievance form;

(2) the date on which he spoke to Timothy Bean about his desire to file a grievance, what Bean told him, and what actions he took after this date to obtain a grievance form; and

(3) whom he spoke with on the protective custody unit to request a grievance form (providing names, job titles, or other descriptive information to the extent he is able), the date(s) on which he spoke with any custody staff, what he said to them, and their response(s) if any.

The defendants are granted to and including **May 19, 2014**, to file a response to the plaintiff's filing. The motion for summary judgment (DE 26) is **TAKEN UNDER ADVISEMENT** pending further ruling.

SO ORDERED.

ENTERED: March 31, 2014

_____/s/ JON E. DEGUILIO_____
Judge
United States District Court